# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Burl Brittain
County Auditor
San Patricio County
San Antonio, Texas

Dear Sir:

Opinion No. O-1985
Re: Grand Jury Bailiffs -
Articles 367a V.A.C.C.P. and
1058 V.A.C.C.P.

Your request for opinion upon the following questions:

"1. Are Grand Jury Bailiffs of San Patricio County, who were appointed by the court, entitled to actual traveling expense or mileage fee over and above the $4.00 per diem?

"2. Does Article 367a, Vernon's Annotated Texas Code of Criminal Procedure or Article 1058, Code of Criminal Procedure of Texas, 1925, as amended, apply to San Patricio County, Texas?"

has been received and carefully considered by this Department. You state that the population of San Patricio County is 23,836 according to the last preceding Federal census.

At the outset of this opinion we respectfully call your attention to the fact that Article 367a, Vernon's Annotated Code of Criminal Procedure of Texas has no official standing or recognition as a law of Texas. This Article is a duplication of Article 1058, Code of Criminal Procedure,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

1925. These articles are identical and are derived from Acts 1925, 39th Legislature, Chapter 98, p. 273. Article 1058, Code of Criminal Procedure is carried and placed in the 1925 Code of Criminal Procedure. There is no Article 267a, Code of Criminal Procedure to be found in said Code. Vernon's Article 367a, referred to above, shows on its fact that it was inserted by its compiler. This insertion was clearly erroneous and wholly unnecessary.

Article 1058, Code of Criminal Procedure of Texas, 1925, as amended by Acts 1935, 44th Legislature of Texas, p. 476, Ch. 192, reads as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Article 1058 under Section 1, Chapter 98, Page 273, Acts of 1929, shown as Article 1058 of the Code of Criminal Procedure, 1925 Revision, as amended by Acts of 1927, Fortieth Legislature, Page 320, Chapter 217, Section 1, as further amended by Acts of 1927, Fortieth Legislature, First Called Session, Page 154, Chapter 54, Section 1, as further amended by Acts of 1930, Forty-first Legislature, Fourth Called Session, Page 93, Chapter 32, Section 1, and further amended by Acts of 1931, Forty-second Legislature, Page 222, Chapter 130, Section 1, be and the same is hereby amended so as to read as follows:

"Section 1. Article 1058. Each walking grand jury bailiff appointed as such bailiff shall receive as compensation for his services the sum of Four Dollars ($4.00) for each day he may serve and each riding grand jury bailiff appointed in counties of a population of one hundred and fifty thousand (150,000) or more, according to the last Federal Census, shall receive as compensation for his services the sum of Six Dollars ($6.00) for each day he may serve, and shall further receive One Dollar ($1.00) per day for automobile expense and upkeep; provided, however, that not more than ten (10) such bailiffs shall be employed at any one time, and providing further that the Sheriff

or Deputy Sheriff attending any County or District Court in counties of over three hundred and fifty thousand (350,000) according to the last preceding Federal Census shall be paid the sum of Six Dollars ($6.00) for each day the Sheriff or Deputy Sheriff shall serve in any of such said courts as bailiffs, and one dollar ($1.00) per day as automobile expense and upkeep for each day he may use said automobile.

"'The compensation herein provided for shall be paid from the General or Jury Fund of the county affected, as may be determined by the Commissioners Court thereof, upon sworn accounts showing the Court in which or the Grand Jury for which, said Bailiff, Sheriff, or Deputy Sheriff serves, with a statement showing the dates on which the service was performed and the amounts due. No such claim shall be paid until approved by the foreman of the Grand Jury or the Judge of the Court for which the service was performed, and said claim shall be presented to the Commissioners Court or to the County Auditor in counties provided by law for so much thereof as may be found due, and no warrant in payment of the amount due shall be paid unless countersigned by the County Auditor, if any.'

"Section 2. The fact that under the existing law there is confusion in the amount paid Bailiffs, and Deputy Sheriffs creates an emergency and an imperative public necessity requiring that the Constitutional Rule providing that bills be read on three several days be suspended, and said Rule is hereby suspended, and that this bill shall take effect and be in force from and after its passage, and it is so enacted."

Opinion No. O-1124 of this Department, written by Hon. Ardell Williams, Assistant Attorney General, holds that grand jury bailiffs in counties with a population of less than 150,000 inhabitants are entitled to $4.00 per day, but are not entitled to mileage, traveling expense or any other compensation for their services. We enclose herewith a copy of Opinion No. O-1124 which contains a full discussion of said matter.

In answer to your first question you are respectfully advised that it is the opinion of this Department that the same should be answered in the negative and it is so answered.

In answer to your second question you are respectfully advised that it is the opinion of this Department that the provisions of Article 1058, Code of Criminal Procedure, of Texas, as amended, supra, which are applicable to counties having a population of less than 150,000 inhabitants according to the last preceding Federal census, apply to San Patricio County, Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:BBB

APPROVED FEB 29, 1940

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By BWB
chairman